IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| GREGORY SCOTT NARRAMORE | § | |
| VS. | § | CIVIL ACTION NO. 2:09cv63 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Charles Everingham, IV, who issued a Report and Recommendation concluding that the Director's motion to dismiss the above-styled and numbered petition for a writ of habeas corpus as time-barred should be denied. The Director has filed objections. The Petitioner has filed a response to the objections.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Director to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections of the Director are without merit.

The present petition for a writ of habeas corpus was due no later than February 22, 2009. The question before the Court concerns the date that it was filed. The petition must be deemed filed on the day it was placed in the prison mailing system pursuant to the "mailbox rule." *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). The Petitioner specified in the original petition that he placed the petition in the prison mailing system on February 12, 2009. In the motion to dismiss, the Director objected to the use of that date because prison mail logs reveal that the letter containing the petition was logged by mail room authorities on February 27, 2009. He did not submit the mail logs with his motion, although he subsequently submitted the mail logs with his objections.

1

In his response to the motion to dismiss, the Petitioner acknowledged that he actually placed the letter in the prison mailing system on February 13, 2009. The delay was caused by having copies made of the petition and by the absence of the Petitioner's legal assistant. The Petitioner confessed that he did not know what to do when his legal assistant, another inmate, had been sent to the hospital in Galveston. The letter containing the petition was returned to him by mail room officials because he had sufficient funds to pay for the postage, as opposed to using indigent postage. In his response to the objections, the Petitioner stressed that his letter was not logged by mail room officials on February 13, 2009, even though he had submitted it. He argued that it should have been logged and mailed in accordance with AD-07.90 (rev. 5) § F(5). In his response to the motion to dismiss, the Petitioner noted that the unit was locked down at the time his letter was returned, and he resubmitted the letter for mailing as soon as the lockdown was lifted on February 23, 2009. The prison logs reveal that the letter was logged in on February 27, 2009, although the mail logs are not definitive concerning the date the Petitioner actually placed the letter in the prison mailing system. Implicit in the Petitioner's response to the motion to dismiss was an admission that he placed the letter in the prison system the second time no earlier than February 23, 2009, which was after the deadline of February 22, 2009.

The question before the Court concerns the date that should be used in light of these facts. The Report and Recommendation focused on the date the Petitioner originally placed the letter in the prison mailing system on February 13, 2009, in light of *Spotville* and *Houston v. Lack*, 487 U.S. 266 (1988) (*pro se* prisoner's notice of appeal was filed at the moment of delivery to prison authorities for forwarding to District Court). In *Houston v. Lack*, the Supreme Court justified the "mailbox rule" in recognizing that, "[u]nskilled in law, unaided by counsel, and unable to leave the prison, his control over the processing of his notice necessarily ceases as soon as he hands it over[.]" 487 U.S. at 271. The Court is of the opinion that the Petitioner should not be penalized because of the delays in processing due to postage problems. The Report and Recommendation cited several cases that dealt with delays that were caused by inmates. In the final analysis, however, the Fifth

2

Circuit has concluded that an inmate is entitled to the *Houston v. Lack* standard if he had been diligent in trying to get the letter mailed. *See Thompson v. Raspberry*, 993 F.2d 513, 514 (5th Cir. 1993); *Stoot v. Cain*, 570 F.3d 669, 672 (5th Cir. 2009). The Petitioner was diligent in having his petition timely mailed, and the petition is deemed filed on February 13, 2009.

Even if there is some question as to the propriety of using this date, the Court would add that the petition should alternatively be deemed timely filed in light of equitable tolling. The Supreme Court discussed the issue of whether the AEDPA limitations period may be equitably tolled in *Lawrence v. Florida*, 549 U.S. 327 (2007). The Supreme Court, when assuming without deciding that equitable tolling was available, was specific: "To be entitled to equitable tolling, [a petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id.* at 336. In his objections, the Director argued that equitable tolling should not be available in habeas cases, but the Fifth Circuit cited *Lawrence v. Florida* while continuing to allow for the possibility of equitable tolling in *Johnson v. Quarterman*, 483 F.3d 278, 286-87 (5th Cir. 2007). With respect to the first prong cited in *Lawrence v. Florida*, the Court is of the opinion that the Petitioner was diligent in pursuing his rights. With respect to the second prong, the Director cited cases outside of the Fifth Circuit in arguing that a lockdown should not be considered an extraordinary circumstance. *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004); *Lindo v. LeFever*, 193 F.Supp.2d 659, 663 (E.D. N.Y. 2002). The Fifth Circuit has not issued a decision on this issue, but this Court is of the opinion that a lockdown is a sufficiently extraordinary circumstance that it would be unduly harsh to bar the Petitioner from having his case considered on the merits because his petition was one to three days late because of the lockdown. The Court is of the opinion that the Director's position that the Petitioner should be barred from having his eighty year sentence reviewed under these circumstances is draconian and untenable. The Court finds that the Director's objections to the Report and Recommendation lack merit. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the Director's motion to dismiss (docket entry #6) is **DENIED**. It is further

**ORDERED** that Director has twenty days from the entry of this Order to file an answer on the merits of the petition.

It is noted that the Petitioner filed a motion for leave to correct (docket entry #13) the petition to the extent that there was a misunderstanding as to his grounds for relief. The motion has merit. It is therefore

**ORDERED** that the motion for leave to correct (docket entry #13) is **GRANTED** and the Director's answer shall address the Petitioner's grounds for relief as listed in the motion for leave to correct.

SIGNED this 10th day of December, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE