IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| GREGORY SCOTT NARRAMORE | § | |
| VS. | § | CIVIL ACTION NO. 2:09cv63 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION

The above-entitled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was heretofore referred to United States Magistrate Judge Roy S. Payne. The Report and Recommendation ("R&R") of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Petitioner has filed objections.

Having made a *de novo* review of the objections raised by Petitioner to the R&R, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. He first addresses his Ground Three, a claim of ineffective assistance of counsel for failure to obtain an expert witness. He contends that the Magistrate Judge "changed the word 'hire' to 'call' and changed the nature of the claim from 'investigation' to presentation.'" Objections at 1 (PageID #309). In other words, he claims that his Ground Three addressed the failure to simply hire an expert for his investigatory and advisory capacity. However, Ground Three in his petition explicitly states that, "Defense counsel failed to request an expert *witness*," Petition at PageID #8 (emphasis added), and, "If an expert had *testified* the trial court and the jury would have heard the true facts concerning sleep deprivation . . . ." *Id*. at PageID #10 (emphasis added); further, his

1

Memorandum in Support (docket entry #17) also refers to counsel's failure to "request an expert *witness*," Memorandum at 7 (PageID #93). Clearly, Petitioner contemplated that any such expert's value would have been in his testimony, or refuting the prosecution's investigator. Simply put, Petitioner's claim was not a "failure to investigate" type claim of the type discussed in *Soffar v. Dretke*, 368 F.3d 441, 476 (5th Cir. 2004), as he now contends. Moreover, the Magistrate Judge discussed each aspect of his Ground Three in detail in the R&R. Petitioner's instant argument that "[t]he question here is not the witness counsel did not present but the expert he did not hire to assist with the suppression hearing and/or the evidence needed to establish the Defendants statements were involuntary," Objection at 4 (pageID #312), is inconsistent with his Ground Three and his supporting Memorandum. There was no "transformation" of Petitioner's contention as he suggests. The Magistrate Judge fully analyzed his "lack of expert witness" claim. Therefore, this objection is overruled.

Next, Petitioner claims that the Magistrate Judge also mischaracterized his Ground Five for legal insufficiency of the evidence. Objections at 5 (PageID #313). However, again, the R&R fully discusses in detail Petitioner's claims in both Grounds Five and Six regarding the legal and factual sufficiency of the evidence and his contention that he could not be found guilty because it was his brother Jeremy, and not Petitioner, who actually killed the victim. As the Texas Court of Appeals determined, and as the R&R discusses fully, the evidence was legally sufficient under the precept of criminal responsibility for action in concert to find him guilty. *See* Tex. Pen. Code §§ 7.01, 7.02; *Powell v. State,* 194 S.W.3d 503, 506 (Tex. Crim. App. 2006). Petitioner has presented nothing to further his claim. This objection is overruled.

Next, Petitioner contends that the R&R does not "address the factual predicate of [his Ground

One] claim, namely, that he was in custody when he was initially detained by a swarm of police officers." Objections at 9 (PageID #317). In fact, the R&R does address that very point. As the Magistrate Judge stated, "Although Petitioner argues that the presence of other officers at the scene of the interview implies a custodial situation, the trial court's findings, based on the testimony of both the interviewing officer and Petitioner, makes it clear that Petitioner was free to terminate the interview and leave if he wished, and knew as much." R&R at 9 (citations omitted). For that reason, " no *Miranda* warning was required." *Id*. at 10 (citations omitted). The Magistrate Judge considered this issue in full, as did the Texas court. Petitioner has raised nothing to show otherwise; his objection is overruled.

Next, Petitioner also attacks the R&R's finding with regard to Ground Two, the second statement he made, contending that the Magistrate Judge did not address Petitioner's claim that sleep deprivation and methamphetamine use rendered his statement involuntary. Objections at 11 (PageID #319). Again, the Magistrate Judge did in fact do so. As the Magistrate Judge pointed out, despite Petitioner's claims, he did not allege that he was under the influence of methamphetamine at the time he made his second statement; and, he made a number of corrections on reconsideration of his own written document. *See* R&R at 11. As he stated, "These facts support the trial court's finding of voluntariness and lack of threat or coercion." *Id*. (citations omitted). Further, Petitioner admits that the trial judge charged the jury with an instruction taking his claims into account. He has presented nothing to rebut the presumption of correctness of the trial court's findings or the conclusions of the Magistrate Judge. Therefore, his objection is overruled.

Petitioner next attacks the finding in the R&R with respect to his Ground Four and the conduct of voir dire at his trial. He acknowledges that the Magistrate Judge found no unfairness in the

questioning of the venire. In fact, the Magistrate Judge went to great length to discuss the methods the trial judge used to ensure that no panel members were tainted by the publicity of Petitioner's case, her decision to excuse several venire members who showed any sign of partiality, and the additional efforts by counsel in their questioning. R&R at 12-15. In his objections, Petitioner simply asserts that "animosity was rampant throughout the community and directed toward Petitioner," Objections at 13 (PageID #321). His argument is conclusory at the very best. His objection is overruled.

Petitioner's final two objections, regarding his Ground Seven on collateral estoppel, and his Grounds Eight, Nine and Ten on the effectiveness of his appellate counsel, contain little or no argument and are also conclusory at best. Therefore, the objections are overruled.

Having completed a *de novo* review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and adopts same as the findings and conclusions of the Court. It is therefore

**ORDERED** that Petitioner's objections are **OVERRULED** and his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and the case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any motion not previously ruled on is **DENIED**.

**So ORDERED and SIGNED this 27th day of March, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE