IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| GREGORY SCOTT NARRAMORE | § | |
| VS. | § | CIVIL ACTION NO. 2:09cv63 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER ON PETITIONER'S
MOTION FOR NEW TRIAL OR TO ALTER, OR TO VACATE JUDGMENT

Came on for consideration, Petitioner's Motion pursuant to Fed. R. Civ. P. 59. Having given the motion due consideration, the Court herein denies it.

**I.   BACKGROUND**

Petitioner was convicted on October 13, 2005, of one count of murder. The jury sentenced Petitioner to eighty years' incarceration in the Texas Department of Criminal Justice. His conviction was affirmed on direct appeal by the Sixth Court of Appeals on March 20, 2007. *See Narramore v. State*, 2007 WL 817302 (Tex. App. - Texarkana, Mar. 20, 2007, pet. ref'd). The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review in case number PD-0567-07 on August 22, 2007. *See In re Narramore*, 2007 Tex. Crim. App. LEXIS 1010, at *1 (Tex. Crim. App. Aug. 22, 2007). He did not file a petition for writ of certiorari to the United States Supreme Court. Petitioner then filed a state petition for writ of habeas corpus on September 15, 2008. SHCR, at 31-137. This application was denied without written order on December 17, 2008. He then filed his federal petition for writ of habeas corpus pursuant to 28 U.S.C. § in this Court. The assigned Magistrate Judge issued a Report and Recommendation that the petition be denied and Petitioner filed objections. The Court overruled Petitioner's objections on *de novo* review, adopted the

Magistrate Judge's Report and Recommendation and denied Petitioner's petition with final judgment entered on March 27, 2012 (docket entries #37, 38). Petitioner now brings his instant motion, entitled "Petitioner's Verified Motion for New Trial or to Alter, or to Vacate Judgment" (docket entry #39). He explicitly invokes Fed. R. Civ. P. 59 in support of his motion. *See* Motion at 1.

Rule 59 of the Federal Rules of Civil Procedure addresses the procedures governing a request for "New Trial; Altering or Amending a Judgment." In this case, there has been no trial in this Court, only a review of Petitioner's habeas petition, the records of his case, and the papers filed by the Respondent Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID or TDCJ). Further, Petitioner's motion does not request a trial but simply addresses his request to vacate, alter or amend the Court's judgment on his habeas petition and to enter a different judgment accordingly. Therefore, the Court will construe Petitioner's motion only under that portion of Rule 59 dealing with a motion to alter or amend a judgment, namely, Fed. R. Civ. P. 59(e).

## II. STANDARD

A motion to alter or amend a judgment pursuant to Rule 59(e) "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id*. (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Resource*

*Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion may also be interpreted as covering motions to vacate judgments. *See Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir 1993). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). In any event, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Here, Petitioner has certified that he placed his motion in the prison mail system on April 22, 2012, meaning it was effectively filed on that date. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). That is within 28 days of final judgment in this case. Therefore, Petitioner's Rule 59(e) motion is timely.

### III.   DISCUSSION AND ANALYSIS

Petitioner's motion does little more than rehash the evidence and legal theories he has already raised with regard to two of his claims. He has offered nothing new in any of his arguments, except to assert that the record of this case as presented to the Court must be incomplete because it is contained in "one small box" as stated on the docket.

#### A.   Sufficiency Of The Evidence Claim

Petitioner first re-raises his sufficiency of the evidence claim. *See* Motion at 2. There, he first asserts that the Court has not independently reviewed the record of the case, but has relied on the findings of the Sixth Court of Appeals in its decision on his direct appeal. *Id*. at 2-3. Petitioner misapprehends the nature of a habeas review in federal court. While a federal court must review the record of a case, as this Court has done in this case, the standard on habeas review is to determine whether the adjudication of a petitioner's claims by the state court either resulted in a decision that was contrary to established federal law (*see Riddle v. Cockrell*, 288 F.3d 713, 716 (5th Cir.), *cert.*

3

*denied* 537 U.S. 953, 123 S. Ct. 420, 154 L. Ed. 2d 300 (2002); 28 U.S.C. § 2254(d)(1)) or resulted in a decision based on an unreasonable determination of the facts (*see Riddle*, 288 F.3d at 716; 28 U.S.C. § 2254(d)(2)). Thus, the Court must necessarily discuss and consider the state court's reasoning as well as the records to the extent they are needed to determine whether the state court's decision was contrary to established federal law or was unreasonable in the light thereof. In this case, that includes the reasoned opinion of the Sixth Court of Appeals on direct appeal, which was adopted by the Texas Court of Appeals by its refusal of Petitioner's petition for discretionary review.

Here, however, Petitioner specifically argues that this Court must not have reviewed the full record of the case because the docket reflects that the state only filed "[o]ne small box of paper documents with two disk" for the Court's use. *See* Motion at 4; docket at entry on April 14, 2009. He contends that this could not possibly have contained the "voluminous" trial record, consisting of "over 6 volumes of Reporter's Record as well as the Clerk's Record." Motion at 4. However, the Court is confident that the full record is contained in the box provided by the Texas Attorney General on behalf of the Director. First, whether the box is "small" is a matter of perception. It is about the size of a standard "banker's box" of documents, more or less. Second, the box contains all of the Reporter's Records and Clerk's Records to which Petitioner refers, along with other filings including post-conviction records of Petitioner's direct appeal and state habeas filings. To the extent he is concerned about the "voluminous" Reporter's Records, they are represented in miniature format, in which four pages of the record transcript are reproduced in reduced format on each standard size page. While this may make the print size of the individual reduced-size pages smaller, they are abundantly clear and readable. In fact, the Magistrate Judge cited various volumes of the Reporter's Record several times in the R&R, including at page 5 n.5, defining the use of, for example, a citation to "2RR" as "Reporter's Record, or trial transcript, preceded by the volume

4

number." The Magistrate Judge also cited the Clerk's Record, or "CR." *See, e.g.*, R&R at 13. Thus, Petitioner's contention that the full record was not before the Court, including all of the Reporter's Record and Clerk's Record, is simply untrue.

Petitioner also argues that the docket shows that the state records were sent to the Tyler Division of this Court. That is true, but it does not affect their availability to the Court. Instead, they were merely stored at that location for ease of access during research. His contention is without merit.

He next asserts that the Court did not properly apply the Texas "acted in concert" law. In this case, he has essentially repeated the argument he raised in his original filings and in his objections to the Magistrate Judge's Report and Recommendations. Petitioner explicitly focuses on and cites a passage from the Report and Recommendations in which the Magistrate Judge analyzed Tex. Pen. Code §§ 7.01 and 7.02. Having quoted both statutes, the Magistrate Judge stated:

> Therefore, under Texas law, simply acting in concert with another person is sufficient to allow a person to be charged with and held criminally responsible for the criminal offense of that other person.

*See* Report and Recommendation at 17 (citing *Powell v. State,* 194 S.W.3d 503, 506 (Tex. Crim. App. 2006)). Petitioner argues, "That is not the law . . . ," but he offers no other explanation or authority for his position. Motion at 5. However, it is the law under the Texas Penal Code, as interpreted by the Texas courts. "[P]ursuant to Tex. Penal Code §§ 7.01 and 7.02, the law in Texas allows individuals to be charged as a party to an offense and to be held criminally responsible for the conduct of another when that individual acts in concert with another person in committing an offense." *See Powell*, 194 S.W.3d at 506. In fact, the Sixth Court of Appeals relied on *Powell* in arriving at the same conclusion on Petitioner's direct appeal. *See Narramore*, 2007 WL 817302, at *2. A federal court must defer to a state court's interpretation of its state law. *See Arnold v.*

*Cockrell*, 306 F.3d 277, 279 (5th Cir 2002) (per curiam). Therefore, this contention is also without merit.

### B. Ineffective Assistance Of Counsel Claim

In this contention, Petitioner again argues, with little variation, his claim that counsel was ineffective for failing to hire an expert for the sole purpose of investigating his case as opposed to hiring an expert witness for the purpose of testifying at trial. The Court has reviewed this claim in detail and Plaintiff has offered nothing new to add. To the extent that he contends that his petition was not given a liberal construction by the Court, he is mistaken. Every aspect of his petition was fully considered. This contention is without merit.

### C. Request For Evidentiary Hearing

Finally, Petitioner requests an evidentiary hearing to present the record he contends must not be included in the "small box" provided by the state; evidence already considered in this case; and "evidence the Magistrate claimed Petitioner did not present." There is no requirement for an evidentiary hearing in this case. *See* Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("[i]f the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."). The petition in this case has been dismissed; the Court has already determined that the state records are complete; Petitioner's prior request for evidentiary hearing has been denied and he has presented no basis for reversing that denial now; and he has not identified any evidence that the "Magistrate claimed Petitioner did not present." Therefore, his motion for an evidentiary hearing will be denied.

### IV. CONCLUSION

Petitioner has not shown cause to vacate, alter or amend the judgment in this case. It is

accordingly

**ORDERED** that Petitioner's Verified Motion for New Trial or to Alter, or to Vacate Judgment" (docket entry #39), construed under Fed. R. Civ. P. 59(e), is hereby **DENIED**.

**So ORDERED and SIGNED this 13th day of June, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE